IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENIS MARINGO (A79-483-831), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2495 |
| | § | |
| eBAY, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Denis Maringo, has filed a lawsuit seeking a declaratory judgment, injunctive relief, and damages under federal antitrust laws, among other things. Maringo is *pro se* and seeks leave to pursue his complaint *in forma pauperis*.

**I.     BACKGROUND**

The plaintiff, Denis Maringo, is currently in custody at a detention center pending his removal from the United States. A native and citizen of Tanzania, Maringo was convicted in this district of engaging in immigration fraud. *See United States v. Maringo*, Criminal No. H-05-0129 (S.D. Tex.). Although Maringo pleaded guilty to the charges in that case, he calls the prosecution a "hoax" and asserts that he is really a political prisoner who is in custody because of his philosophical views. *See Maringo v. U.S. Dep't of Homeland Security*, Civil No. H-07-1878 (S.D. Tex.) (Complaint at 2-3). Alleging violations of federal antitrust statutes, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the "federal Common law," Maringo sues the "auction-style internet market place" known as eBay, Inc.

("eBay"). Maringo also sues eBay founder Pierre Omidyar and Chief Executive Officer Meg Whitman.

Maringo describes himself as "a lawyer, a journalist, a writer, a thinker, a philosopher, a stocks [sic] analyst, a historian, a politician," and an "internet enterpreneur [sic]" who has specialized in stock information brokerage as well as selling books online. Maringo reports that, until recently, he had an account with eBay under the name of "Diet Press," through which he sold books on diet, nutrition, and weight management. Maringo explains that he founded Diet Press, a "Northern California books firm," to "capitalize on Americans' quest to shed their weight and look fit." Maringo states that Diet Press obtained its books from other publishers as well as used-book sellers, garage sales, and "friends of libraries' book sales." Maringo used eBay to buy and sell his books. Maringo's eBay business venture ceased in 2005, however, as the result of an "Act of God." Maringo refers to his arrest and subsequent conviction on federal criminal charges.

In this case, Maringo faults the manner in which eBay charges user fees to account holders and to customers who bid on internet merchandise, which typically requires a credit card, a checking account, or an account with an eBay affiliate named Pay Pal, Inc. ("Pay Pal"). According to Maringo, eBay "unjustly enriches" itself by charging multiple user fees and transaction fees for items bought and sold on its internet auction service. Maringo claims further that the software used to control the bidding process has been programed by eBay to "psychologically and scientifically manipulate the market" to the detriment of "small scale enterpreneurs [sic]" like Maringo's company, Diet Press. Maringo accuses eBay of bid

2

rigging and price fixing. Maringo maintains that eBay's anticompetitive business practices have unjustly enriched the defendants "at the expense of their customers" and that these fraudulent practices have discouraged internet bidders everywhere from "trusting . . . internet auction sites."

On behalf of himself and his company, Diet Press, Maringo seeks a declaratory judgment that the defendants violated federal antitrust laws, RICO, "the statute of frauds" and duties owed under the "Law of Agency." Maringo also seeks a permanent injunction barring the defendants from anticompetitive practices. He also wants compensatory and punitive damages.

## II. STANDARD OF REVIEW

Maringo filed this complaint *pro se*. He seeks leave to proceed *in forma pauperis*. The complaint is subject to preliminary review under 28 U.S.C. § 1915(e)(2)(B), which applies to all litigants proceeding *in forma pauperis*. Under this statute, a district court "shall dismiss" any *in forma pauperis* action under § 1915(e)(2)(B) if the court determines that the complaint is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. In conducting this analysis, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Even under a liberal construction, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.  Likewise, "[a] district court may dismiss as frivolous the complaint of a [plaintiff] proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

**III.   DISCUSSION**

Maringo cannot proceed with the claims he asserts on behalf of Diet Press.  Diet Press must be represented by an attorney. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)).  Maringo is not an attorney licensed to practice in the Southern District of Texas.  His suit on behalf of Diet Press is dismissed under 28 U.S.C. § 1915(e)(2)(B).

Nor can Maringo sue on his own behalf.  Court records show that Maringo is a frequent filer of frivolous claims.  Maringo's complaint against the defendants is dismissed as both frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B).

Court records show that Maringo is no longer eligible to proceed *in forma pauperis*. Before filing this case, Maringo filed numerous complaints and mandamus petitions that were dismissed under § 1915(e)(2)(B) as frivolous, malicious, or for failure to state a claim. *See Maringo v. Gonzales*, Civil No. H-06-3385 (S.D. Tex. Nov. 28, 2006); *Maringo v. McGuirk*, Civil No. H-07-403 (S.D. Tex. Feb. 23, 2007); *Maringo v. Warden, Corrections Corp. of America*, Civil No. H-07-602 (S.D. Tex. July 25, 2007); *Maringo v. Dep't of Homeland Security*, Civil No. H-07-1878 (S.D. Tex. June 21, 2007); *Maringo v. Dep't of Justice*, Civil No. H-07-2212 (S.D. Tex. July 17, 2007); *Maringo v. Officer Barnes*, Civil No. H-07-2367 (S.D. Tex. July 25, 2007). Another judge in this district recently sanctioned Maringo for filing a frivolous case against two other internet-based companies. *See Gogo Tribe of Tanzania, et al., v. Google Inc. and Yahoo, Inc.*, Civil No. H-07-3087 (S.D. Tex.). Maringo was also warned in a court order issued on February 23, 2007, that sanctions would result if he continued to file meritless complaints and petitions in the federal courts. *See Maringo v. McGuirk*, Civil No. H-07-403 (S.D. Tex. Feb. 23, 2007). Court records show that Maringo has ignored this warning.

Federal courts have inherent power to sanction litigants for continuing to file frivolous and malicious suits. *See In re McDonald*, 489 U.S. 180 (1989); *see also Whittington v. Lynaugh*, 842 F.2d 818 (5th Cir. 1988) (imposing sanctions under Rule 11 of the Federal Rules of Civil Procedure). Maringo's history and his refusal to heed the warning issued previously on February 23, 2007, in Civil Action H-07-403, demonstrates that sanctions are necessary. Maringo must pay a penalty in the amount of $500. The Clerk's Office is

5

directed not to accept any new complaint or petition from Denis Maringo in any capacity until all the sanctions and penalties imposed against him have been paid in full and he has received written permission in advance to file a complaint or petition, from a judicial officer in the Southern District of Texas, Houston Division.

## IV.   CONCLUSION AND ORDER

This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous. Maringo's motion for leave to proceed *in forma pauperis* (Docket # 2) is denied. The court sanctions Denis Maringo (A79-483-831) in the amount of five hundred dollars ($500.00) for his recalcitrant and persistent abuse of judicial resources. The Clerk's Office is instructed to accept no further complaints or petitions for filing from Denis Maringo (A79-483-831) in any capacity until all sanctions imposed against him have been paid in full and he presents advance written permission from a judicial officer in the Southern District of Texas, Houston Division.

The Clerk is directed to provide copies of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to the Houston Service Processing Center, Attn: Warden Robert Lacy, 15850 Export Plaza Drive, Houston, Texas  77032.

SIGNED on October 12, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge